IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JULIANN M.,[1] | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) No. 25 C 3015 |
|   v. | ) |
| | ) Magistrate Judge |
| FRANK BISIGNANO, | ) Maria Valdez |
| **Commissioner of Social Security,**[2] | ) |
| | ) |
| | ) |
|     **Defendant.** | |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Juliann M.'s claims for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for judgment on the pleadings [Doc. No. 14] is granted, and the Commissioner's cross-motion for summary judgment [Doc. No. 15] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

[2] Frank Bisignano is substituted for her predecessor pursuant to Federal Rule of Civil Procedure 25(d).

# BACKGROUND

## I. PROCEDURAL HISTORY

On February 19, 2021, Plaintiff filed applications for DIB, alleging disability since January 15, 2021. The claim was denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on April 11, 2022. On May 19, 2022, the ALJ issued an unfavorable decision. The Appeals Council remanded Plaintiff's claim to the ALJ on October 31, 2022. Plaintiff personally appeared and testified at a second hearing on May 12, 2023.

On November 30, 2023, the ALJ denied Plaintiff's claim for benefits again, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of January 15, 2021. At step two, the ALJ concluded that Plaintiff had the following severe impairments: degenerative disc disease of the back, breast cancer, right total knee replacement,

spinal stenosis with laminectomy, and myelodysplasia syndrome. The ALJ concluded at step three that her impairments, alone or in combination, do not meet or medically equal a listed impairment. Before step four, the ALJ determined that Plaintiff retained the Residual Functional Capacity ("RFC") to perform sedentary work with the following additional limitations: can occasionally reach overhead and frequently reach in all other directions; can occasionally climb ramps and stairs; can never climb ladders, rope, or scaffolds; can occasionally balance, stoop, kneel, and crouch; can never crawl; cannot work at unprotected heights, around moving mechanical parts, or operate a motor vehicle..

At step four, the ALJ concluded that Plaintiff could perform her past relevant work as a patient service representative, medical biller, and coder, leading to a finding that she is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if they have an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a Plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the Plaintiff presently unemployed? (2) Does the Plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of

specific impairments enumerated in the regulations? (4) Is the Plaintiff unable to perform her former occupation? and (5) Is the Plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step 3 or step 5 leads to a finding that the Plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step 3, precludes a finding of disability. *Id.* The Plaintiff bears the burden of proof at steps 1-4. *Id.* Once the Plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the Plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.  JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus "limited to ensuring that substantial evidence supported the ALJ's decision and that the ALJ applied the correct legal standards." *Morales v. O'Malley*, 103 F.4th 469, 472 (7th Cir. 2024); *see Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of

4

'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted); *see Warnell v. O'Malley*, 97 F.4th 1050, 1051 (7th Cir. 2024) ("[S]ubstantial evidence [is] a standard that the Supreme Court has emphasized is light.").

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether Plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841. At all times, the burden of demonstrating disability remains on the claimant. *See Summers v. Berryhill*, 864 F.3d 523, 527 (7th Cir. 2017). "It is not enough to nitpick the ALJ's order. To warrant reversal, [the claimant] must show that the ALJ's determination was not supported by substantial evidence." *Morales*, 103 F.4th at 471 (explaining further that claimants "must demonstrate with references to evidence why the ALJ's determinations lack substantial support in the administrative record").

ALJs therefore "are subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence . . . or cite support for every proposition or chain of reasoning." *Warnell*, 97 F.4th at 1053.

5

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). ALJs must "provide an explanation for how the evidence leads to their conclusions that is 'sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the claimant] meaningful judicial review." *Warnell*, 97 F.4th at 1054; *see Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007); *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). Furthermore, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion" but must consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including that the ALJ: (1) failed to provide a legally sufficient evaluation of Plaintiff's subjective complaints of fatigue; (2) failed to consider the mental impact of fatigue on functioning required for skilled work despite adopting an opinion that found Plaintiff's symptomology sufficient to interfere with attention and concentration; and (3) failed to consider whether Plaintiff was entitled to a closed period of disability.

6

In advancing her first argument, Plaintiff claims that the ALJ failed to construct a logical bridge between Plaintiff's subjective complaints about fatigue and the credibility finding that "the totality of the facts and circumstances [makes] it difficult to rely heavily on the claimant's subjective complaints." Plaintiff explains that the ALJ provided a narrative timeline of Plaintif's fluctuation of fatigue symptoms from January 2021 through September 2023, during which time Plaintiff complained of varying degrees of fatigue and has periods where she reported "no new issues." Plaintiff asserts that at no time did Plaintiff report a complete absence of fatigue, and furthermore, not reporting any new issues does not mean Plaintiff was not suffering from already existing issues. Thus, Plaintiff contends that the record in fact has the opposite effect on one's logical conclusion—it shows that Plaintiff had constant symptoms throughout this time. Indeed, "a failure to adequately explain [a subjective symptoms evaluation] by discussing specific reasons *supported by the record* is grounds for reversal." *Minnick v. Colvin*, 775 F.3d 929, 937 (7th Cir. 2015) (emphasis added).

Defendant responds that to show reversible error in a subjective symptom evaluation, the ALJ's evaluation must be patently wrong, which requires the ALJ's assessment to "lack[] any explanation or support." *Elder v. Astrue*, 529 F.3d 408, 413-14 (7th Cir. 2008). Defendant then explains that three of the four doctors who opined about Plaintiff's limitations considered her allegations of fatigue, and that the ALJ also called a medical expert who believed that Plaintiff suffered from moderate fatigue at most.

Defendant cites the medical record for each of the above assertions. The problem, however, is that the ALJ does cite any of the above in reaching his credibility finding. He merely cites that "totality of the facts and circumstances." Because the ALJ does not cite specific reasons supported by the record for how he reached his conclusion, he did not construct a logical bridge between Plaintiff's subjective complaints about fatigue and his credibility finding. *See Minnick*, 775 F.3d at 937. Put another way, the ALJ's assessment "lacks any explanation or support." *Elder*, 529 F.3d at 413-14.

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that the ALJ properly considers the mental impact of fatigue on functioning required for skilled work and properly considers whether Plaintiff was entitled to a closed period of disability.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings [Doc. No. 14] is granted, and the Commissioner's cross-motion for summary judgment [Doc. No. 15] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**  **ENTERED:**

**DATE:** **October 8, 2025**

_____
**HON. MARIA VALDEZ**
**United States Magistrate Judge**